UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RADIANCE CAPITAL RECEIVABLES
TWELVE, LLC
Plaintiff/Appellee

v.

JOHN F. CAMPBELL
Defendant/Appellant

Case No. 7:26-cv-02134-PMH

## APPELLANT'S EMERGENCY MOTION FOR STAY PENDING APPEAL

## UNDER FEDERAL RULE OF BANKRUPTCY PROCEDURE 8007(b)

### EMERGENCY MOTION – IMMINENT RISK OF INCARCERATION

Debtor/Defe[...], respectfully

moves this C[...] 8007(b) for an

order staying [...] uary 12, 2026

Memorandu[...] nal Judgment

(Ex. B) that [...] by the United

States Distri[...] dischargeable

under 11 U.[...] ursuant to 11

---

Appellant's application to expedite consideration of his motion (Doc. 26) is denied.

Federal Rule of Bankruptcy Procedure 8013(d) allows a movant to request "expedited action" if "irreparable harm would occur during the time needed to consider a response . . . ." Fed. R. Bankr. P. 8013(d). Appellant has not made a sufficient showing that he will suffer irreparable harm if his motion is not expedited. *See New England Dairies, Inc. v. Dairy Mart Convenience Stores, Inc. (In re Dairy Mart Convenience Stores, Inc.)*, 272 B.R. 66, 70 (S.D.N.Y. 2002) ("To obtain expedited consideration . . . an appellant must show by affidavit that to avoid irreparable harm, relief is needed in less time than would normally be required to appeal a bankruptcy court's decision." (internal quotation marks omitted)).

SO ORDERED.

_____

Philip M. Halpern
United States District Judge

Dated:  White Plains, New York
        April 28, 2026

U.S.C. § 362(a) to permit Radiance Capital to continue prosecution of the Sanctions Motion or otherwise seek sanctions for the Debtor's violations of the Charging Orders in the Alabama Action.

In support thereof, Appellant states as follows:

I.     INTRODUCTION AND RELIEF REQUESTED

1. On April 20, 2026, Appellant filed an Emergency Motion for Stay Pending Appeal in the Bankruptcy Court (Adv. Proc. No. 24-09009-KYP, Doc. 137). On April 22, 2026, the Clerk of the Court re-docketed the motion as Doc. 141.

2. On April 21, 2026, the Bankruptcy Court issued a Notice of Hearing (Doc. 138) scheduling a hearing for May 14, 2026. On that same day, Radiance filed its opposition (Doc. 139).

3. On April 22, 2026, Appellant filed an Emergency Motion to Shorten Time for an expedited hearing (Doc. 140). The Bankruptcy Court has not yet ruled on the Motion to Shorten Time. The matter remains scheduled for hearing on May 14, 2026 (Doc. 138).

4. The Alabama District Court (Case No. 1:13-cv-00238-TFM-C) indicated on March 25, 2026 that it would issue a contempt and sanctions order and resume the hearing within approximately 30 days. That deadline has now passed. Appellant faces imminent incarceration for civil contempt due to inability to

pay monetary sanctions exceeding $300,000. Such incarceration constitutes irreparable harm that cannot be undone and will prevent Appellant from prosecuting this appeal.

5. Because the Bankruptcy Court has not yet ruled on the request for an expedited hearing and Appellant faces imminent irreparable harm, this motion is properly filed in the District Court under FRBP 8007(b)(2)(B).

## II.    STATEMENT OF FACTS

This appeal arises from an adversary proceeding in which Radiance sought to except certain debts from the Debtor's discharge under 11 U.S.C. § 523(a)(2)(A) and 11 U.S.C. § 523 (a)(6). The underlying dispute originates from two charging orders issued by the United States District Court for the Southern District of Alabama. On October 21, 2013, Radiance's predecessor-in-interest obtained the first Charging Order, and on January 27, 2014, it obtained the second Charging Order (collectively, the "Charging Orders") against distributions from Whigham Place Property Management, LLC and several other LLCs in which Debtor owned interests. At all times prior to and since the issuance of both Charging Orders, the Internal Revenue Service ("IRS") held a prior perfected federal tax lien on the Debtor's assets. That lien was perfected on September 1, 2010, when the IRS filed a Notice of Federal Tax Lien, and was later extended due to subsequent litigation and the filing of numerous offers in compromise by the Debtor. (*Campbell v. Commissioner*, T.C.

Memo. 2019-4). Radiance's Charging Orders have at all times been subordinate to the senior IRS Lien.

On June 29, 2023, Radiance filed a Motion for Sanctions against the Debtor in the Alabama District Court, Southern District (Case No. 1:13-cv-00238-TFM-C). On August 11, 2023, the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York. Radiance thereafter commenced an adversary proceeding and moved for summary judgment. On January 12, 2026, the Bankruptcy Court (Paek, U.S.B.J.) issued a Memorandum Decision and Order granting Radiance's Motion for Summary Judgment in part (Ex. A). In that decision, the Bankruptcy Court held, *sua sponte*, that "any sanction issued by the Alabama District Court based on Debtor's violations of the Charging Orders is nondischargeable under 11 U.S.C. § 523(a)(6)." On February 4, 2026, the Bankruptcy Court entered a Final Judgment consistent with the Memorandum Decision and Order (Ex. B). The Debtor timely filed a Notice of Appeal from the Final Judgment on February 12, 2026 (Ex. C). The Debtor filed his Appellant's Brief on April 14, 2026; Radiance's Response is due May 14, 2026.

III.    LEGAL STANDARD This Court has authority to grant a stay pending appeal under Fed. R. Bankr. P. 8007. Courts in the Second Circuit consider four factors: (1) whether the movant has shown a strong likelihood of success on the merits;

(2) whether the movant will suffer irreparable injury absent a stay;
(3) whether issuance of the stay will substantially injure the other parties; and
(4) where the public interest lies.

IV.    ARGUMENT

A.    Debtor has a strong likelihood of success on the merits.

The Bankruptcy Court's *sua sponte* ruling violated the plain language of 11 U.S.C. § 523(c)(1), which states that a debt is nondischargeable under 11 U.S.C. § 523(a)(6) only "on request of the creditor to whom such debt is owed" and "after notice and a hearing." Plaintiff never requested that any future Alabama sanctions be declared nondischargeable. Debtor received neither notice that the Court was considering the issue nor any opportunity to be heard. This is a clear violation of due-process. The ruling must be reversed on de novo review. (See Point I of Appellant's Brief, Ex. D, pp. 10–16).

B.    Debtor will suffer irreparable harm without a stay.

When the Alabama District Court imposes sanctions and Debtor is unable to pay them, Debtor will face immediate incarceration for a debt that may ultimately be declared dischargeable. Incarceration will prevent Debtor from working on his pending appeal in the District Court, S.D.N.Y. The harm is irreparable because once incarceration begins, the damage cannot be undone.

Debtor has very limited financial resources and is unable to post a bond in this Bankruptcy Court in any meaningful amount to secure a stay of the nondischargeability determination and the modification of the automatic stay pending appeal, as more fully detailed in his Declaration (Ex. E).

C.    A stay will not prejudice Plaintiff.

Plaintiff will suffer no material prejudice from a stay pending resolution of this appeal. The critical issues — whether Defendant was denied due process and whether any such sanctions debt is nondischargeable under 11 U.S.C. § 523(a)(6) — are already being briefed and pending before the District Court. Granting the stay will simply preserve the status quo while the appeal is resolved.

D.    The public interest favors a stay.

The public interest strongly favors protecting constitutional due-process rights and preventing a bankruptcy court from exceeding the statutory limits Congress placed on nondischargeability determinations under 11 U.S.C. § 523(c)(1).

V.    CONCLUSION

For the foregoing reasons, Debtor respectfully requests that the Court enter an order staying enforcement of the portion of the January 12, 2026 Memorandum Decision and Order and February 4, 2026 Final Judgment that a) declares any future Alabama sanctions nondischargeable under 11 U.S.C. § 523(a)(6), and b) modifies the

automatic stay pursuant to 11 U.S.C. § 362(a) to permit Radiance to continue prosecution of the Sanctions Motion, pending final resolution of the appeal in the United States District Court for the Southern District of New York (7:26-cv-02134-PMH), and for such other and further relief as the Court deems just and proper.

## VI.   EXPEDITED CONSIDERATION REQUESTED

Given the imminent risk of incarceration, Appellant respectfully requests that the Court (i) treat this as an emergency motion, (ii) order Radiance to file any opposition within 24–48 hours, and (iii) set this matter for hearing within three to five days or at the earliest date available to the Court.

## VII.   PROPOSED ORDER

A proposed order is attached as Exhibit I.

Respectfully submitted,

DEFENDANT


*/s/ John F. Campbell*                                    Dated: April 26, 2026
John F. Campbell
60 Campbell Road
Livingston Manor, NY 12758
(985) 718-7224
John@JohnFCampbell.com

7

## EXHIBITS

Ex. A        Memorandum Decision and Order of the Bankruptcy Court

Ex. B        Final Judgment of the Bankruptcy Court

Ex. C        Appellant's Notice of Appeal

Ex. D        Excerpt from Appellant's Brief, pp. 10-16

Ex. E        Declaration of Appellant John F. Campbell

Ex. F        Bankruptcy Court Notice of Hearing (Doc. 138)

Ex. G        Radiance's Response (Doc. 139)

Ex. H        Debtor's Emergency Motion to Shorten Time (Doc. 140)

Ex. I        Proposed Order

## CERTIFICATE OF SERVICE

I, John F. Campbell, do hereby certify that on April 26, 2026, I caused a copy of

the foregoing document to be served by email on:

> Gilbert L. Fontenot
> *Attorney for Defendant*
> Maples & Fontenot, LLP
> PO Box 1281
> Mobile, AL 36633
> (251) 445-2083
> Gus@maplesfontenot.com
> Guslf100@aol.com

> */s/ John F. Campbell*
> John F. Campbell
> 60 Campbell Road
> Livingston Manor, NY 12758
> (985) 718-7224
> John@JohnFCampbell.com