UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

JOHN F. CAMPBELL,

               Debtor.

JOHN F. CAMPBELL,

               Appellant,

     - against -

RADIANCE CAPITAL RECEIVABLES TWELVE
LLC,

               Appellee.

**OPINION & ORDER**

26-CV-02134 (PMH)

PHILIP M. HALPERN, United States District Judge:

Before the Court is Appellant's "Motion for Determination That the Notice of Appeal is Timely" (Doc. 5, "Appellant's Motion"), and Appellee's motion to dismiss this appeal as untimely. (Doc. 22, "Appellee's Motion").[1]

For the reasons stated below, Appellant's Motion is granted, and Appellee's Motion is denied.

## BACKGROUND

Appellee commenced the adversary proceeding underlying this appeal on March 5, 2024, seeking "damages and a declaration . . . that certain obligations owed to [Appellee] are not

---

[1] The Court construes Appellee's pre-motion letter (Doc. 22) as its motion to dismiss and Appellant's response letter (Doc. 24) as his opposition. *See In re Best Payphones, Inc*., 450 F. App'x 8, 15 (2d Cir. 2011) (finding the Court did not abuse its discretion in construing the parties' letter-motions as the motions themselves, and ruling on them); *see also Brown v. New York*, No. 21-1408-CV, 2022 WL 221343, at *2 (2d Cir. Jan. 26, 2022) (same). The Court's Individual Practices Rule 2(C) provides that the Court reserves the discretion to construe pre-motion letters as the motion itself, thereby putting the parties on notice of this possibility.

dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A) and (a)(6)." (Br. Doc. 1).[2] On July 29, 2025, Appellant and Appellee both moved for summary judgment. (Br. Docs. 82, 85). The bankruptcy court, on January 12, 2026, issued a "Memorandum Decision and Order (I) Granting in Part and Denying in Part Plaintiff's Motion for Summary Judgment, (II) Granting in Part and Denying in Part Defendant's Motion for Summary Judgment, and (III) Modifying the Automatic Stay to Allow Prosecution of the Sanctions Motion." (Br. Doc. 111, "Memorandum Decision and Order"). The bankruptcy court held that Appellant's debts to Appellee stemming from violations of charging orders issued by the United States District Court for the Southern District of Alabama[3] are nondischargeable under 11 U.S.C. § 523(a)(6), but not 11 U.S.C. § 523(a)(2(A), and issued a declaratory judgment that Appellee's liens against Appellant's interests in various LLCs survive Appellant's bankruptcy discharge. (*Id.* at 24, 31-32, 34). The bankruptcy court, accordingly, modified the automatic stay pursuant to 11 U.S.C. § 362(a) to allow Appellee to seek sanctions against Appellant in the Southern District of Alabama. (*Id.* at 34).

Appellant, on January 28, 2026, filed a motion for an extension of time to file a notice of appeal in the bankruptcy court. (Br. Doc. 113). The bankruptcy court held a hearing on January 29, 2026, and stated that the Memorandum Decision and Order was the final order for purposes of appeal and that it would enter judgment as a formality. (*See* Doc. 5-2 at 16). The bankruptcy court entered judgment on February 4, 2026. (Br. Doc. 116). On February 12, 2026, Appellant filed a notice of appeal. (Br. Doc. 117). On March 13, 2026, the bankruptcy court issued a memorandum decision and order denying Appellant's motion for an extension of time to appeal and concluding

---

[2] Citations to "Br. Doc." refer to docket entries in the underlying adversary proceeding whereas citations to "Doc." refer to docket entries in this matter. Citations to specific pages of filings on the docket correspond to the pagination generated by ECF.

[3] *See SE Property Holdings, LLC, et al. v. John F. Campbell, et al.*, 13-CV-00238 (S.D. Ala.).

that Appellant's February 12, 2026 notice of appeal was untimely, but that it lacked jurisdiction to strike the notice of appeal. (Br. Doc. 132 at 6-7, 9-14). The bankruptcy court requested that this Court "process the Notice of Appeal in the ordinary course." (*Id.* at 14).

The notice of appeal was filed and the record on appeal transmitted on March 16, 2026. (Docs. 1-3). On March 17, 2026, Appellant's Motion was filed. Respondent filed opposition on March 31, 2026. (Docs. 12-13, "Appellee Opp."). Appellant filed reply on April 19, 2026. (Doc. 25).[4] On April 14, 2026, Appellee's Motion was filed, seeking dismissal of this appeal on the grounds that it is untimely and, thus, the Court lacks jurisdiction to hear it. Appellant filed a response to Appellee's Motion on April 15, 2026. (Doc. 24, "Appellant Opp.").

## STANDARD OF REVIEW

Federal Rule of Bankruptcy Procedure 8002(a) provides that "a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed." "This time limit is jurisdictional and 'in the absence of a timely notice of appeal in the district court, the district court is wholly without jurisdiction to consider the appeal, regardless of whether the appellant can demonstrate 'excusable neglect.'" *In re Abraham*, No. 21-CV-01628, 2021 WL 5597939, at *3 (S.D.N.Y. Nov. 30, 2021) (quoting *In re Siemon*, 421 F.3d 167, 169 (2d Cir. 2005)). "*Pro se* status does not excuse a party from this jurisdictional requirement." *Id.*

## ANALYSIS

I.  Timeliness of Appeal

Appellant contends that his notice of appeal is timely under Rule 8002(a) because it was filed within fourteen days of the February 4, 2026 judgment entered by the bankruptcy court. (*See* Appellant's Motion at 5; Appellant's Opp. at 3). Appellee argues that the notice of appeal was

---

[4] Appellant's reply was untimely under Local Civil Rule 6.1(b) and the Court therefore does not consider it in deciding Appellant's Motion.

untimely because the fourteen-day clock began to run when the bankruptcy court issued the January 12, 2026 Memorandum Decision and Order and Appellant's February 12, 2026 notice of appeal was therefore filed after the closing of the fourteen-day window. (Appellee's Opp. at 1; Appellee's Motion at 1). Appellant's principal argument is that the bankruptcy court's Memorandum Decision and Order "does not meet the separate document requirement of FRCP 58(a)" and, thus, "did not start the 14-day clock for purposes of filing a notice of appeal." (Appellant's Motion at 5). The Court agrees.

28 U.S.C. § 158(a)(1) gives district courts "jurisdiction to hear appeals (1) from final judgments, orders, and decrees." Federal Rule of Civil Procedure 58(a), made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7058, provides that "[e]very judgment and amended judgment must be set out in a separate document" and includes an enumerated list of exceptions not applicable here. "Rule 58 directs the clerk of the court to enter judgment in favor of a prevailing party on a separate document following a decision by the court, and it serves to inform the parties that the court has reached a final decision." *Porges v. Gruntal & Co.* (*In re Porges*), 44 F.3d 159, 164 (2d Cir. 1995) (citing *Ellender v. Schweiker*, 781 F.2d 314, 317 (2d Cir. 1986)). The Supreme Court has unanimously held that Rule 58 "must be mechanically applied in order to avoid new uncertainties as to the date on which a judgment is entered." *United States v. Indrelunas*, 411 U.S. 216, 222 (1973) (per curiam). While "[i]t may be possible to appeal in advance of the Rule 58 judgment . . . it is never necessary to do so." *In re Kilgus*, 811 F.2d 1112, 1117 (7th Cir. 1987) (citations omitted).

Orders granting summary judgment are typically subject to the separate document requirement of Rule 58(a). *See Perry v. Sheet Metal Workers' Local No. 73 Pension Fund*, 585 F.3d 358, 361 (7th Cir. 2009) ("The grant of a motion for summary judgment is not one of the

exceptions to the separate document requirement listed in Rule 58(a), so a separate document was required in this case to have a proper Rule 58 judgment."); *Howard v. Onion*, No. 24-3273, 2024 U.S. App. LEXIS 12372, at *2 (6th Cir. May 20, 2024) ("For an appeal from an order granting summary judgment," the time to appeal "begins to run from the date a separate judgment is entered on the docket."). Indeed, while "[a] one-sentence order denying a motion satisfies the requirement" of Rule 58(a), "an order that is part of an opinion or memorandum does not." *Redhead v. Conf. of Seventh-Day Adventists*, 360 F. App'x 232, 233 (2d Cir. 2010) (summary order) (citing *RR Vill. Ass'n Inc. v. Denver Sewer Corp.*, 826 F.2d 1197, 1201 (2d Cir. 1987)); *see also Creaghe v. Albemarle Corp.*, 98 F. App'x 972, 973 (5th Cir. 2004) ("To be 'separate,' a judgment must be apart from any document detailing either the court's factual findings or the legal basis of the court's ruling; it may not be part of a memorandum or opinion.").

If "a separate document is required pursuant to Rule 58(a), then judgment is entered when said judgment is docketed pursuant to Rule 79(a) and 'the earlier of these events occurs: (A) it is set out in a separate document; or (B) 150 days have run from the entry in the civil docket.'" *Redhead*, 360 F. App'x at 234 (quoting Fed. R. Civ. P. 58(c)(2)). The Second Circuit interprets "Rule 58's requirements to prevent the loss of an appeal whenever reasonable . . . ." *Cole-Hoover v. Richmond*, 804 F.3d 195, 198 (2d Cir. 2015) (quoting *Creaghe*, 98 F. App'x at 973); *see also Bogaerts v. Shapiro (In re Litas Int'l, Inc.)*, 316 F.3d 113, 119 (2d Cir. 2003) ("The rule should be interpreted to prevent loss of the right to appeal, not to facilitate loss." (citation modified)).

Here, the bankruptcy court's Memorandum Decision and Order was a fourteen-page decision, laying out the court's legal reasoning. (*See* Memorandum Decision and Order). The Memorandum Decision and Order does not satisfy Rule 58(a)'s separate document requirement. *See Redhead*, 360 F. App'x at 233; *Creaghe*, 98 F. App'x at 973; *see also United States ex rel.*

*Rudd v. Schimmels* (*In re Schimmels*), 85 F.3d 416, 422 (9th Cir. 1996) (holding that bankruptcy court's order granting summary judgment met separate document requirement where "[t]he order granting summary judgment [was] a brief order that g[ave] no detailed explanations and d[id] not contain an opinion or a memorandum."); *Clough v. Rush*, 959 F.2d 182, 185 (10th Cir. 1992) ("The order which the district court entered disposing of the motion for summary judgment does not meet Rule 58 requirements. In addition to being fifteen pages long, it contained detailed legal analysis and reasoning. Thus, it could not, standing alone, trigger the appeal process."). Instead, the February 4, 2026 judgment was the separate document required by Rule 58 which started the time to appeal. Appellant's February 12, 2026 notice of appeal was, thus, timely under Rule 8002(a).

Appellee cites *Bucurescu v. 190a Realty Corp.* (*In re Bucurescu*), 282 B.R. 124, 131 (S.D.N.Y. 2002) for the proposition that "[a]n appellant whose appeal to [the] district court was ruled untimely by the bankruptcy court cannot move the district court to accept the appeal as timely because the district court lacks jurisdiction to excuse an untimely filing." (Appellee Opp. at 2-3). *Bucurescu* does not stand for that proposition. Instead, it simply states that a district court "has no authority to excuse untimely filing of a notice of appeal." *Bucurescu*, 282 B.R. at 131. Here, Appellant's notice of appeal was timely. That Appellant at one point thought his notice of appeal was untimely, does not change that it was timely under a mechanical application of Rule 58. Furthermore, contrary to Appellee's assertion, the bankruptcy court did not rule that the notice of appeal is untimely, but instead explicitly stated that it "lack[ed] jurisdiction to strike the Notice of Appeal" and "[t]he issue of timeliness may be addressed by the District Court on appeal." (Br. Doc. 132 at 14).

Accordingly, under Rule 8002(a), Appellant's notice of appeal was timely.

II. Service of Motion

Appellee contends, in its opposition to Appellant's Motion, that Appellant's failure to serve his motion on Appellee is an additional basis to deny Appellant's Motion. Appellee cites no case law in support of this proposition.

"Any motion made in writing, other than ex parte motions, must be served on the other party and 'filed' with the court." *Phoenix Global Ventures, LLC v. Phoenix Hotel Assocs., Ltd.*, 422 F.3d 72, 75-76 (2d Cir. 2005) (per curiam) (citing Fed. R. Civ. P. 5(a), (d)). While Appellant's Motion may have been in an "inchoate state" until it was served, *see International Controls Corp. v. Vesco*, 556 F.2d 665, 669 (2d Cir. 1977), Appellant did serve his motion on Appellee (*see* Doc. 15), albeit untimely, and Appellee responded to Appellant's Motion (*see* Appellee Opp.). Appellee could have requested an extension of time to respond to Appellant's Motion, but Appellant's failure to timely serve does not warrant denial of Appellant's Motion. *See Yaohua Deng v. Compass Group USA Inc.*, 481 F. App'x 28, 29 (2d Cir. 2012) (summary order) ("[Plaintiff] had actual knowledge of the defendants' summary judgment motion, and yet he made no effort . . . [to] request an extension of time from the district court to file his opposition to the motion."); *McKinnie v. Roadway Express, Inc.*, 341 F.3d 554, 555 (6th Cir. 2003) ("The violation of Rule 5(b), however, does not provide a sufficient basis to reverse the district court's summary judgment because Plaintiffs had actual notice that the summary judgment motion had been filed.").[5]

---

[5] Even if the Court were to deny Appellant's Motion for untimely service on Appellee, it would not alter the result here. Appellant's Motion and Appellee's Motion ask the Court to decide the same issue—whether the notice of appeal was timely filed.

## **CONCLUSION**

For the foregoing reasons, Appellant's Motion is GRANTED and Appellee's Motion is DENIED. The Clerk of Court is respectfully directed to terminate the motions pending at Doc. 5 and Doc. 22.

**SO ORDERED:**

Dated:    White Plains, New York
          April 28, 2026

_____

PHILIP M. HALPERN
United States District Judge